By the Couet.—Fbeedman, J.
Assuming that the trial judge was right in refusing to dismiss the complaint and in holding that the plaintiff was not guilty of contributory negligence and that the proximate, cause of plaintiff’s injury was the breaking of the coupling link between the tender and the car next to it of defendant’s train, it does not follow that the breaking of the said coupling link constituted negligence per se in the defendant. From the evidence on this point, although uncontradicted, reasonable minds may draw different conclusions. In a certain aspect of the case, the jury might have reached the conclusion that a fellow servant of the plaintiff negligently used the said coupling link notwithstanding its insufficiency and defect were apparent on a bare inspection and although the defendant had provided quite a number of others- which were perfectly safe and sufficient and from which a selection should have been made by such fellow servant. The question of defendant’s negligence was, therefore, one of fact to be determined by the jury, and it was. error in law to withdraw it from the consideration of the jury and to hold that the defendant had been guilty of negli *225 gonce as matter of law in not having provided a safe and sufficient coupling link, and to instruct the jury that the only question to be determined by them was the question of damages.
As the error specified necessitates a new trial, it is not necessary to discuss the other questions in the case.
The judgment and order should be reversed and a new trial ordered with costs to appellant to abide the event.
Truax, J., concurred.